### R. H. LANING V. IRON CITY NATIONAL BANK.

#### No. 429.—Decided May 25, 1896.

**Stipulated Attorney's Fees—Wrongful Attachment.**

Stipulated attorney's fees payable upon placing the obligation in suit or in the hands of an attorney in default of payment are not incurred where the default of the maker is caused by the wrongful act of the payee; e. g. where attachment was wrongfully sued out and levied upon all the goods of the debtor before maturity, thereby causing the default, and where in reconvention the debtor recovers damages in excess of the obligation. In such case the stipulated fee is not earned. Stancil v. Cleveland, 64 Texas, 660, questioned. (Pp. 602-604.)

QUESTION CERTIFIED by the Court of Civil Appeals for Third District, in an appeal from Llano County. The question is shown in the opinion.

*Chas. L. Lauderdale,* for plaintiff in error.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Third Supreme Judicial District has certified to this court the following statement and question:

"This suit was instituted by the Iron City National Bank of Llano, Texas, against R. H. Laning, on the 11th day of September, 1894, on six promissory notes, one due October 2, 1894, one November 2, 1894, and the other four at later periods. Each note drew ten per cent interest after maturity and contained the following stipulation, viz.: 'Should this note be placed in the hands of an attorney for collection, we hereby agree to pay all costs of collection, including ten per cent of principal and interest then due, as attorney's fees.' On the same day, September 11, 1894, the bank sued out a writ of attachment and caused same to be levied on certain personal property belonging to Laning.

"September 28, 1894, Laning filed two motions to quash and vacate the writ of attachment. December 13, 1894, Laning filed his amended original answer, in which he demurred to the plaintiff's petition, pleaded a general denial, and specially pleaded, by way of cross action, that the writ of attachment had been wrongfully and illegally sued out and levied upon his property, and he asked for damages, both actual and exemplary, against the bank and the sureties on its attachment bond, in excess of the aggregate amount sued for by the plaintiff.

"December 15, 1894, the plaintiff filed an amended original petition, showing that all the notes sued on were due and had been placed in the hands of attorneys for collection. It also filed a supplemental petition, in response to the defendant's cross action, containing a general and special denial.

"There is no statement of facts in the record.

"The court instructed the jury to find for the plaintiff the amount of the principal and interest due on the six notes, and the further sum of ten per cent on said principal and interest, as attorney's fees; and

also submitted to them the questions involved in the defendant's cross action. Under the court's instructions the jury returned a verdict for plaintiff for $8299.08, the total principal of the six notes sued on, together with ten per cent interest per annum on each of the notes from date of its maturity, together with ten per cent additional as attorney's fees, on said principal and interest, aggregating $9261.52; the sum included, found for attorney's fees, amounting to eight hundred and forty-one and ninety-five hundredths dollars. On defendant's cross action against plaintiff the jury found that the writ of attachment was wrongfully sued out, and found for defendant actual damages, the value of the goods attached, $10,914.09.

"Upon this verdict, defendant, by written motion, asked that judgment be entered disregarding the finding for ten per cent for attorney's fees on the notes sued on, which motion was overruled, to which defendant excepted. The court thereupon rendered judgment in favor of plaintiff, directing the clerk to pay it out of the proceeds of the sale of said attached property made in vacation, $3042.78; that the remainder of said proceeds of sale, being $1834.47, be paid by the said clerk to defendant; and that defendant recover of plaintiff and the sureties on its attachment bond all the costs of suit.

"With the foregoing explanatory statement, the Court of Civil Appeals for the Third District certifies the following material question to the Supreme Court of the State for decision, viz.: Did the trial court err in directing the jury to allow the plaintiff ten per cent additional on the principal and interest due on the notes, as attorney's fees?"

To the question propounded we answer that the trial court erred in directing the jury to allow the plaintiff ten per cent additional on the principal and interest due on the notes as attorney's fees.

When there is incorporated into a note an agreement to pay the costs of collection, in case the same be collected by law or if it be put in the hands of an attorney, the fee of an attorney employed to collect the note will be included in the terms of the agreement. Montgomery v. Crossthwait, 90 Ala., 553; Williams v. Flowers, ib., 136. Attorney's fees, whether expressed as such or as costs of collection, are regarded as costs of the suit, and agreements to pay them are sustained by courts upon that ground.

The legitimate purpose of such a promise is to indemnify the payee or holder of the note for expenses which he may incur by the default of the maker which would not be allowed to him by law. Under the terms of the note in this case, the maker agreed to pay the attorney's fees, in case it should be placed in the hands of an attorney for collection; under that agreement he would become liable to pay such costs if his default in making payment or some other act of his made it necessary for the holder of the note to place it in the hands of an attorney for collection. When this suit was brought there had been no default in payment; no one of the notes was then due, and, the jury having found that the attachment was wrongfully sued out, it follows that the plain-

tiff brought the suit and incurred the cost of employing an attorney when there was no cause to do so. The cost was therefore not occasioned by any act of the defendant, and by no fair construction of the terms of the contract can it be held that the plaintiff was entitled to recover from the defendant the costs which he incurred by his own wrongful act.

The amended petition was wholly unnecessary, as the plaintiff could, after the notes became due, have proceeded without amendment, and it did not have the effect to make just and right that which was unjust and wrong. Nor could it be considered in the light of a suit after default, because the failure to pay at maturity was caused by plaintiff's wrongful and premature proceeding. By suing out and levying the writ of attachment the plaintiff inflicted upon the defendant injury, for which he was entitled to compensation in damages which he could by law offset against the notes. The amount of damages to which defendant was entitled was uncertain and he could not therefore, if he had desired to do so, have made a tender of what would be due to the plaintiff after deducting the damages to which he might be found to be entitled; this sum was unliquidated and must be ascertained by the jury. It cannot be properly said, under such circumstances, that the defendant would be required to make payment or tender of that sum which might be due to the plaintiff after deducting the damages to which he might be entitled.

In this case the amount of the damages found by the jury for defendant was greater than the whole amount of the principal and interest of all the notes, and, as the defendant had the legal right to offset such damages against the plaintiff's claim upon the notes against him, there was, in fact, at the time the notes fell due, nothing justly and rightfully due from the defendant to the plaintiff; for, although the unliquidated damages would not operate as an extinguishment of the notes, the claim could by law be so applied by the court.

The defendant could not rightfully be required to pay off the plaintiff's claim against him and take the chances of collecting his damages by his cross action, and his failure to make a tender or payment of the amount due upon the notes when they fell due, under these circumstances, did not justify the court in holding that he was thereby made liable for the attorney's fees. In adjudging against the defendant the attorney's fees upon the plaintiff's debt, which was satisfied by the damages inflicted upon the defendant through the wrongful act of the plaintiff, the defendant was required to pay that per cent on a sum he did not justly owe at the time, and was compelled to pay the cost incurred by the plaintiff in an unlawful and unjust proceeding against him in the absence of any default or improper act on defendant's part. Such a result makes the agreement to pay the attorney's fees, which was intended for a just and proper purpose, the means of inflicting upon the defendant an injury in addition to that which was occasioned by the wrongful act committed by the plaintiff, in beginning the suit at a time when he had no legal or reasonable cause to do so.

In the case of Stancil and Younger v. Cleveland, 64 Texas, page 660, it was held that the plaintiff was entitled to recover attorney's fees under circumstances somewhat similar to this case. But there is this difference between the cases, in that the defendants acknowledged and admitted in their answer the indebtedness and attorney's fees as due to the plaintiff. Besides, the damages which were recovered by the defendant in that case were very small. We doubt the correctness of the decision in that case, unless it be put upon the ground that the pleadings of the defendant amounted to a confession of his indebtedness, not only for the principal and interest of the debt sued for, but for the attorney's fees also. It is not necessary for us to discuss that phase of the case, as that question is not involved in the case now before us; but we are not prepared to agree with the conclusions reached in that case, in so far as it holds that one who wrongfully sues out a writ of attachment before the maturity of a debt is entitled to recover attorney's fees incurred in the prosecution of a suit thus wrongfully begun.