E. A. T. WICKS-NEASE ET AL. v. JOHN H. JAMES, EXECUTOR, ET AL.

Decided January 7, 1903.

1.—Attorney Fees—Notes Collected Through Probate Court—Presentment and Rejection of Claim—Limitation.

Before the maturity of a note calling for attorney fees, if collected by judicial proceedings, the maker died, and plaintiff, the holder of the note, employed an agent who was not an attorney to present the note against the maker's estate. Such presentment was made before the maturity of the note, and the amount due, with interest, was allowed. The claim on the note not having been paid when the note matured, plaintiff employed attorneys who procured an order of the probate court for the sale of property of the estate to pay the note, after which they presented a claim for attorney's fees, which was not allowed by the executor. The affidavit to the original claim by the agent stated that "the claim represented by said note and deed of trust was just." Held that this was broad enough to embrace the whole debt, including the attorney fees, and the allowance of only the principal and interest was equivalent to a rejection of the attorney fees, and claim therefor not having been brought within ninety days after the rejection, was barred by limitation.

2.—Same—Waiver—Estoppel.

If, as contended, the claim for attorney fees was not presented to the executor, then it was waived, and plaintiff is thereby estopped to afterwards claim it.

3.—Same—Limitations.

The claim for the attorney fees not having been presented until more than four years after the maturity of the note, was barred by the four years statute of limitations.

4.—Same—Maturity of Claim.

The contention that the claim for the attorney fees could not be presented to the executor at the time the claim for the note was presented because the note had not then matured is not tenable, since the fact that the principal and interest of the note could be then claimed carried with it the right to have claimed the attorney fees.

5.—Same—Employment of Attorney—Judicial Proceedings.

The collection of the note through the probate court was by judicial proceedings, and no attorneys having been employed to procure the allowance of the claim, the holder of the note was not entitled to maintain a suit against the estate for the attorney fees on the ground that after the judgment of the probate court was obtained he employed attorneys to collect the claim, or to accelerate its payment.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*George C. Altgelt* and *Denman, Franklin & McGown,* for appellants.

*Ball & Ingrum,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit to recover attorney's fees alleged to be due appellants on two promissory notes, one for $18,000 and the other for $7000, the attorney's fees being for 10 per cent on those two sums. The case was tried by the court, and resulted in a judgment for appellee.

The evidence showed that James P. Hickman had, in 1892, executed

a note to E. D. L. Wickes for the sum of $18,000, and in 1893 executed to Mrs. E. A. T. Nease (then Wickes) a note for $7000, each of said notes providing for interest and attorney's fees. This language was used in the first named note: "Should I fail to pay this note promptly at maturity, I further promise to pay the attorney's fees for the cost of collection, to wit, 10 per cent." That note was due on January 18, 1897. In the other note, which was due on same date as the first, it provided for "an attorney's fee of 10 per cent, should judicial proceed-ings be used in collecting." It was shown that Mrs. Nease, who was the widow of E. D. L. Wickes, was the owner of the two notes. Before the notes became due James P. Hickman died, and appellee qualified as executor of his will. Henry Laager, as attorney in fact for Mrs. Wickes (now Nease), made the statutory affidavit to the claims evidenced by the two promissory notes, and presented the same to the executor, who allowed the same for the principal and interest. In the affidavit to the claims the attorney's fees were not specifically mentioned, the affidavits being merely that the claims represented by the notes were just and that all legal offsets, payments and credits known to the affiant had been allowed. The two claims were approved as third class claims by the county judge of Bexar County on July 28, 1894. The claims have not yet been paid. In 1900 Mrs. Nease employed attorneys to collect the claims that had been approved by the county judge, and orders. of sale of certain real estate were obtained and the property was sold, but the sales were not confirmed. In 1901 the property was sold, and the sale was confirmed by the county judge. On October 16, 1901, the attorneys of Mrs. Nease presented a claim for $3035 attorney's fees, being 10 per cent of the amount of the two notes and interest, which was rejected by the executor, and on October 25, 1901, this suit was instituted. The claims evidenced by the two notes were not placed in the hands of an attorney for presentation to the executor, but were placed in the hands of an agent.

The language used in the affidavits made to the claims by the agent of Mrs. Nease was that the "claim represented by said note; and deed of trust * * * was just," and was broad enough, it would seem, to comprehend and embrace the whole of the debt evidenced by the instruments, whether principal, interest or attorneys' fees; and we think an allowance of principal and interest was equivalent to a rejection of the attorneys' fees, but we deem it proper to discuss the questions presented by appellants on the basis that they did not present their claim for attorneys' fees, but left it for future action.

It is the contention of appellants that claims for the principal and interest were segregated by the agent from the claim for attorneys' fees, and two items alone were presented to the executor for allowance, and consequently the allowance of those items could not be a rejection of the attorneys' fees. It seems to us that it would be an anomalous proceeding, and one utterly without precedent, to present a note to an administrator or executor for a portion of the debt evidenced by it, and

hold the other in reserve for a "more convenient season." When the claim was presented to the executor for allowance, and was allowed, and then approved by the county court, a judicial proceeding had been instituted, prosecuted and carried to a successful termination, as much so as though a regular suit for debt and foreclosure had been obtained in a district court, and we can not conceive for a moment that it would be contended that a plaintiff in an ordinary suit could go into court and obtain a judgment for a part of a debt evidenced by a promissory note, and years afterwards another suit could successfully be prosecuted for another item of the same note, which was omitted in the original suit.

It is urged by appellants that the claim for attorneys' fees could not be demanded at the time that the claim was approved by the county court because at that time they were not a just claim, the debt not having matured, and therefore the affidavit could not and did not include the fees. The principal and interest were no more due than the attorneys' fees, and if the services of an attorney were necessary in the presentation of the claim, why should not a claim for the fees have been just? If the attorneys' fees were not just at the time the judgment for the debt was obtained, they could not be held in reserve and be made just by waiting until the debt had matured. The services for which the attorneys' fees were to be allowed were those rendered in the presentation of the claim, and if they were not included in the claim at that time they were forever waived, and a claim for them could not be revived more than four years after the debt and interest had become due. If they could be and were segregated by the agent from the principal and interest, those on the $18,000 note must, according to the language of the note, have become due on January 18, 1897, when the note matured and was not paid, and the statute of four years began running and had barred the claim when the suit was instituted.

The opinion in the cases in which attorney's fees have been permitted for the mere presentation of claims to an executor or administrator for allowance, have justified such fees on the ground that it took professional skill to present the claims, and the fees were held to be due when the claim was presented to the executor or administrator, and such being the case, those cases will not be extended to include services that may be performed after the claim had for years been merged into a judgment. If appellants could ever have claimed the attorneys' fees, it was when their claim was presented, and by not claiming them, and by not employing a lawyer, they waived any possible right they might have had to the fees, and can not, years after they have obtained their judgment on their claim, begin proceedings for attorneys' fees. It is true that they may have needed attorneys to accelerate and expedite the collection of their claim, but it was never contemplated by the contract that they could inaugurate a suit and prosecute it to judgment without retaining the services of an attorney and afterwards employ attorneys in connection with the judgment and compel the maker of the notes to pay their fees.

The claim is made that the language of the allowance by the executor and of the judgment of the probate court is broad enough to include, and does include, the attorney's fees. Then why this suit? If the fees are included in the judgment, appellants can not with any show of consistency contend that they have the right to select a part of that judgment, present it to the executor for another allowance, and when refused such allowance institute a suit upon such refusal in the district court. If the contention of appellants is based on the law, their full claim is secured by the judgment of the probate court fixing a lien on certain property, and they can not wage a successful prosecution for a part of the claim allowed by the executor and fixed by the judgment. Rev. Stats., art. 2082.

The contingency upon which the attorneys' fees were to be paid on the $18,000 note was a failure to pay at maturity, and if the contingency had not arisen at the time of presentation of the claim, it could never arise, because there was no failure upon the part of the maker of the note or his estate to pay the debt, but it was in the hands of the probate court and could be paid only in due course of administration. There has been no default in payment of the debt unless such default arose by virtue of the death of the maker, for which he was in no way responsible. If the suit had been one by attachment, justified before maturity of the debt by some act of the maker of the note, the attorneys' fees would become payable when the debt matured, but even in that instance they must be claimed as a part of the debt in instituting the attachment proceedings. Stansell v. Cleveland, 64 Texas, 660. The doctrine of the case cited has been questioned in so far as it holds that one who wrongfully sues out a writ of attachment before the debt is due is entitled to recover attorneys' fees, but it is not questioned in so far as it holds that attorneys' fees can be recovered on such attachment lawfully sued out, and in fact that doctrine is reiterated. Lanning v. Bank, 89 Texas, 601.

By the language used as to attorneys' fees in the note for $7000 they became payable if "judicial proceedings be used in collecting." Undoubtedly collecting through the probate court was collecting by "judicial proceedings" which became necessary through no fault of appellants, and they could have made the affidavits with consciences "void of offense towards God and man" that the claim was just. Stansell v. Cleveland and Lanning v. Bank, above cited. They did not do so, and thereby waived all right to the attorneys' fees.

Should it be held that the death of James P. Hickman compelled appellants to go into the probate court, and that it was contemplated in the contract evidenced by the promissory note for $18,000 that appellants should be at no expense in collecting their debt, then it can be said that appellants did not employ an attorney to present their claim and prosecute it to judgment, and consequently expended no attorneys' fees; and if they had, they did not, in making their claim, ac-

cording to their contention, ask for the fees, and can not afterwards be heard to make claim for them, but are estopped by their conduct.

Certainly if the claim for attorneys' fees was not concluded by the allowance and approval of principal and interest, it became due in January, 1897, and more than four years having elapsed from the maturity of the notes before this suit was instituted, it was barred by limitation.

If there was a claim for attorneys' fees presented to the executor, and there was a rejection of it by the allowance of principal and interest, then the claim is barred because suit was not instituted within ninety days from time of rejection. In either event appellants should not recover.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.