### DONOHOO v. PARKER.   (No. 3199.)

Court of Civil Appeals of Texas.   Amarillo.
March 20, 1929.

Rehearing Denied April 24, 1929.

` Davenport & Crain, of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellee.

JACKSON, J.   This suit was instituted in the district court of Wichita county, Tex., by the plaintiff, James E. Parker, against the defendant, H. C. Donohoo, seeking a dissolution of their relation as partners and an accounting of their partnership business and

to recover any sum of money due plaintiff by defendant by reason of their business association.

Plaintiff alleges that about January 1, 1924, he and the defendant agreed that each would convey to the other an undivided one-half interest in an oil and gas lease on certain tracts of land in Archer county, Tex.; that they together would develop said lands for oil and gas and each would keep a record of money spent individually by him and have a final accounting with the other therefor; that in the development of said lease, designated as the Parker-Donohoo lease, plaintiff expended individually $4,853.33, an itemized account of which he attached to his pleading; that the defendant is entitled to credit in the settlement for any moneys expended by him individually in the development of said lease; that plaintiff's expenditures exceeded those of the defendant by more than $2,000, and the defendant is indebted to plaintiff one-half of any excess expended by him in the development of said lease.

Plaintiff alleges that about May 22, 1925, the Griswold Oil Corporation sold and assigned to him an oil and gas lease covering the west 10 acres of the north 20 acres of lot No. 12 in block No. 29 of the ATNC Company lands in Archer county, Tex.; that on said date the Griswold Oil Corporation was indebted to the defendant in the sum of $9,884.73, a balance evidenced by two notes and secured by a deed of trust lien against said west 10 acres of the north 20 acres of lot No. 12 in block No. 29; that, in the purchase of said lease from the Griswold Oil Corporation, the plaintiff assumed and promised to pay to the defendant such indebtedness; that, prior to the assumption of the payment of said indebtedness by the plaintiff, the defendant had, for a valuable consideration, agreed with the Griswold Oil Corporation to give to it and its assigns three or four days after he demanded payment, to raise the money before the notes evidencing such indebtedness would be placed in the hands of an attorney for collection or legal proceedings instituted thereon; that, immediately after the assumption of the payment of said notes by plaintiff, he notified the defendant and his attorney, J. R. Wilson, that he was ready, willing, and able to pay said indebtedness, or that the Texhoma Oil & Refining Company, holding the title to said property in trust for plaintiff, would pay off and discharge such indebtedness; that the defendant did not comply with his agreement with the Griswold Oil Corporation to give it, or its assigns, three days after demand for payment before placing the notes in the hands of an attorney, but on May 23, 1925, he caused his attorney to write the Griswold Oil Corporation, stating that the balance on said notes, amounting to approximately $14,580 principal and inter-

est, together with the attorney's fees thereon, must be paid by June 1, 1925, or the property would be advertised and sold under the deed of trust lien; that two days later the defendant's said attorney wrote the Texhoma Oil & Refining Company in substance what he had theretofore written to the Griswold Oil Corporation relative to the payment of the notes and the sale of the property under the deed of trust; that, within 48 hours after the letter was written to the Texhoma Oil & Refining Company, the defendant was paid in full, principal and interest on said notes, and in addition thereto $1,156.78 as attorney's fees; that the Texhoma Oil & Refining Company paid the money without any knowledge of the agreement of the defendant with the Griswold Oil Corporation to give any time after demand for payment before placing the notes with an attorney and paid the attorney's fees without any knowledge that such attorney's fees were not due and collectible; that, by reason of said agreement, no attorney fee was due and none should have been demanded or collected and the collection thereof was unjust and unwarranted; that the defendant did not pay to his attorney the entire $1,156.78, but, on the contrary, paid him approximately $472 and retained the balance, $684, which was an improper charge against plaintiff and said property and was paid without the knowledge or consent of the plaintiff by his agent, the Texhoma Oil & Refining Company, which had no knowledge or information of the agreement to extend the time of the payment of the indebtedness before placing it in the hands of an attorney and maturing the attorney's fees; that the defendant collected $11,500, which included $1,156.78 attorney's fees, and in truth and in fact there was due the defendant only the sum of $9,984.73, without attorney's fees, and the defendant collected not only said attorney's fees, but in addition thereto $358.49 more than the balance due on the notes, with the interest thereon.

The defendant answered by general demurrer, special exception, and general denial. He pleaded by way of cross-action that, in the development of the Parker-Donohoo lease, he expended individually $2,869.44 in excess of the amount expended by plaintiff in the development of the lease, and sought judgment against plaintiff for the sum of $1,434.72. He specifically denied that he received any part of the attorney's fees, but alleged that he paid to J. R. Wilson, his attorney, as attorney's fees, the sum of $1,156.78, for collecting said notes which had been placed in the hands of his attorney for collection prior to any offer of payment by plaintiff or any one else.

The case was submitted to the jury on special issues, and on their answers the court rendered judgment that the plaintiff recover of the defendant the sum of $1,192.38, with 6 per cent. interest thereon from the date of the judgment, for costs, etc., from which judgment the defendant below, hereinafter called appellant, by writ of error, prosecutes this appeal.

By several assignments, all of which may be considered together, the appellant urges as error the action of the trial court in rendering judgment against him, because the answers of the jury to special issue No. 3 is in irreconcilable conflict with the answer to special issue No. 6 and the answer to special issue No. 4 is also in irreconcilable conflict with the answer to special issue No. 6.

The special issues alleged to be in conflict, and the answers of the jury thereto, are as follows:

"Special issue No. 3: Did H. C. Donohoo agree with the Griswold Oil Corporation that he would grant to it or its assigns, in consideration of the interest on the notes of $12,500.00 and $6,500.00, three days after demanding the money within which the Griswold Oil Corporation or its assigns should have to raise the same? Answer: Yes to Griswold Oil Corporation, but no to all other parties.

"Special issue No. 4: If you answered the preceding issue 'Yes,' then was H. C. Donohoo paid these notes in full within the time which he granted to the Griswold Oil Corporation after demand was made therefor? Answer: Yes."

"Special issue No. 6: Did James E. Parker offer to pay or cause to be paid the two notes in full held by H. C. Donohoo prior to the time that H. C. Donohoo agreed to pay J. R. Wilson any sum or sums as attorney's fees? Answer: Yes."

The appellant, in his contention that these issues are in conflict, asserts that the answer to special issue No. 6 is, "No," but in the verdict of the jury, incorporated in the judgment of the court, special issue No. 6 is answered, "Yes." There is no conflict in these findings. The appellee offered to pay the balance on the two notes in full before appellant agreed to pay J. R. Wilson, his attorney, any sum, or sums, as attorney's fees for the collection of said notes, and the collection of attorney's fees by the appellant was unauthorized. Laning v. Iron City National Bank, 89 Tex. 601, 35 S. W. 1048; Butler Bros. v. Dunsworth et al. (Tex. Civ. App.) 233 S. W. 311.

The judgment is affirmed.