Probate Court of Tuscarawas County.

In Re Estate of Rolla A. Murphy, Deceased.

Decided March 11, 1932.

*Joseph H. Streb,* for exceptor.

LAMNECK, J.

Rolla A. Murphy died testate on March 10th, 1931, and on March 26th, 1931, Joseph H. Streb was appointed executor of his estate by this Court. On March 11th, 1932, the executor filed an application to distribute assets in kind to the legatees named in the Will. The application was approved and an order granted. The executor insists that the fee of $2.00 in effect before January 1st, 1932, should be charged for this proceeding even though the new Probate Code, Sections 10500-1 to 10512-25, inclusive, effective January 1st, 1932, provides for a charge of $3.00 for such a proceeding. His contention is that the administration of an estate is one entire proceeding and that under Section 26 of the General Code, the remedial provisions of the new Probate Code are not applicable to estates where the appointment was made prior to January 1st, 1932.

The new Probate Code is silent as to whether its remedial provisions are applicable to estates pending prior to January 1, 1932.

Except where limited by constitutional provisions, the legislature has power to make, amend, and repeal laws relating to the remedy, and make the same applicable to existing causes of action. There is no constitutional inhibition in Ohio against the enactment of laws relating to the remedy and making them applicable to pending actions and existing causes of action.

It is admitted that the matter in controversy involves a remedial statute and does not affect a vested right. Consequently, the question depends upon the interpretation of Section 26 of the General Code, which reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The only part of the above section which is applicable to this case is the following:—

"and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings unless so expressed."

The entire administration of an estate could not be classified as an action or prosecution, and whether the entire administration of an estate is a pending proceeding or not depends upon a true interpretation of the word "proceeding". If the entire administration of an estate is one proceeding, then the remedial provisions of the new Probate Code would not be applicable to estates where the fiduciary was appointed prior to January 1st, 1932. If each step in the administration of an estate is a separate proceeding, then all such steps started after January 1st, 1932, would be governed by the remedial provisions of the new Code, which would mean that $3.00 is the proper fee to be charged for an application to distribute assets in kind if such application was filed after January 1st, 1932, even though the appointment of the fiduciary was made prior to January 1st, 1932.

The ordinary steps which may be taken in the administration of a testate estate under the new Code, are as follows:—

1. Probate of the Will.
2. Election of Spouse.
3. Appointment of the Fiduciary.
4. Inventory and Appraisement.
5. Application to sell Personal Property.
6. Action to sell Real Estate.

7. Determination of Heirship.
8. Filing of Schedule of Debts.
9. Distribution of Assets in Kind.
10. Filing of Accounts.

Section 10510-2 of the General Code, as well as former Sections 10774 and 10775, which is superseded, provides that a proceeding to sell real estate is a "civil action." The determination of heirship under Sections 10509-95 to 10509-101 of the General Code is a civil action.

It is, therefore, evident that at least these two proceedings are not affected by Section 26 of the General Code if started after January 1st, 1932, because they are made independent civil actions by statute.

There are two kinds of proceedings in the administration of an estate in the Probate Court. The one kind is an "action" such as a proceeding to sell real estate to pay debts, and the others are "special proceedings" necessary to fully administer an estate.

"Special proceedings" are such matters other than actions, where a remedy is sought by an original application to a Court for a judgment or order. In other words, a special proceeding is a generic term for all civil remedies which are not ordinary actions.

Thus, an application to Probate a Will is a Special Proceeding. (*Missionary* v. *Ely*, 56 O. S., 405).

In other jurisdictions, it has been held that the Probate of a Will is a separate judicial proceeding. (In re Will of Thomas W. Veazey, 80 N. J. Eq. 466; *Haile* v. *Hill*, 13 Mo. 612; *Beight* v. *White*, 8 Mo. 421.

In *Nease* v. *James*, 72 S. W. 87, it was held that when a claim is presented to an executor for allowance, and is allowed, then approved by the Court, a judicial proceeding has been instituted and carried to a successful termination, as much as though a regular suit for debt and foreclosure had been obtained in another Court.

It was held in *Fitzsimmons* v. *Johnson*, 17 S. W. 100, that the record of the final settlement of an administration, entering the debts and credits in full, and an order to the administrator to distribute the balance in his hands, is a judicial proceeding. Whether a "proceeding" is distinct in itself, or a continuous part of some other proceeding, is

often determined by whether error can be prosecuted when an application is made to a Court for a final order or final judgment. If it can, that generally ends that proceeding. Sections 12241 and 12258 of the General Code provide that error can be prosecuted to a final order made by the Probate Court. Under these sections, the following have been determined to be separate proceedings from which error could be prosecuted.

1. Order of court refusing to increase widow's year's allowance. (*Moore* v. *Moore,* 46 O. S., 89.)

2. Rulings in matters of assignment. (*Wambaugh* v. *Insurance Co.,* 59 O. S., 228.)

3. Order appointing a guardian. (*Hare* v. *Sears,* 4 N. P. [N. S.], 566.)

4. Denying the right to administer an estate. (*Schumacher* v. *McCallip,* 69 O. S., 500.)

5. Refusing to admit to probate. (*Missionary* v. *Ely,* 56 O. S., 405.)

At the end of the administration of an estate, nothing can be judicially determined which has already been judicially determined, unless a special statute gives such authority. If the claim of an administrator had been allowed by a special proceeding under Section 10509-106 of the General Code or under the section which it supplanted, viz., 10728, General Code, and final judgment rendered, then justification of the allowance could not again be considered on exceptions to the account of the administrator. Whenever a final judgment is rendered which cannot again be considered except by appeal or error, that makes it a separate proceeding.

Adams and Hosford, in their new work on "Ohio Probate Practice and Procedure" at page 975, make the following comment: "It is not believed that the administration of an estate in the Probate Court is one entire proceeding within the meaning of Section 26, General Code." Deibel, in his book on "Ohio Probate Law," holds, at Section 1186, that the "duties of executors and administrators are probably governed by the new statutes as to all their proceedings from and after January 1, 1932."

Under Sections 10508 to 10508-14, inclusive of the Gen-

eral Code, the inventory, personal property sales, real estate sales, schedule of debts, election of spouse, accounts, and other matters, are specifically classified as separate proceedings or steps in the administration of an estate.

On February 24, 1932, the Supreme Court of Ohio approved Uniform Rules of Practice for the Probate Courts of Ohio, which were submitted by the Probate Judges' Association. Rule 39 reads in part as follows:—"For the purpose of taxing costs, each step in an estate or guardianship will be considered a separate judicial proceeding."

A number of cases have been submitted by the executor to support his contention. The most important are: *State* v. *Zangerle,* 101 O. S., 235; *Industrial Commission* v. *Vail,* 110 O. S., 304; *State* v. *Weiler,* 113 O. S., 443; *Tyler Co.* v. *Rebic,* 118 O. S., 522.

The reasoning in all of these cases is practically the same. In the Rebic case, it was held that "a proceeding in the enforcement of a civil right is an act necessary to be done in order to attain a given end."

This is sound law, but it must be borne in mind that in the administration of an estate the court renders final judgment at the end of the various steps taken, which cannot be collaterally attacked except for fraud or manifest error.

In an application for Workmen's compensation, or when bonds are authorized for public purposes, no final action is taken unless the whole matter is complete. If a claimant did not prosecute his application for compensation to a final termination but stopped before that point, there has been no final order. But, in the administration of an estate, the various steps stand as final orders separate and apart from what follows. For that reason, the cases cited are not applicable to administration of estates.

Since a final order is made at the conclusion of practically every step in the administration of an estate, from which appeal and error can generally be prosecuted and which final order cannot be collaterally attacked except for fraud or manifest error, and since the Code itself, as well as the various authors on Ohio Probate Law, and the Supreme Court of Ohio in approving Rule 39 of the Uni-

form Rules of Practice for Probate Courts, have classified the various steps in the administration of an estate as separate judicial proceedings, it must be concluded that the administration of an estate is not one entire proceeding. The objection of the executor will be overruled and the costs taxed accordingly.