**OLIVARES v. GARCIA.**

No. 8947.

Court of Civil Appeals of Texas. San Antonio.

Dec. 14, 1932.

Rehearing denied Jan. 18, 1933.

Perkins & Floyd, of Alice, and J. T. Canales, of Brownsville, for appellant.

Lloyd & Lloyd, of Alice, for appellee.

FLY, C. J.

Appellee sued to recover on a certain promissory note for $1,500 due on December 18, 1931, the original petition having been filed on September 30, 1931, before the note became due; a writ of attachment having been obtained, on the allegation that appellant was about to dispose of his property with intent to defraud his crediors and defeat the claim of appellee.

The writ of attachment was issued and levied on lots one and two in West End addition to Robstown, and lots in San Diego; there being writs issued to Duval and Nueces counties. An amended petition was filed alleging that the note had become due, and seeking to recover attorney's fees. Appellant sought by cross-action to recover damages from appellee and the sureties on his attachment bond, to which the court sustained a general demurrer, and rendered judgment in favor of appellee for $1,857.90 and foreclosed the attachment liens and provided that a deposit of $1,660 paid into the registry of the court by appellant be credited on the judgment.

■■ The action of the court in sustaining a general demurrer to a cross-action for damages filed by appellant against appellee and the sureties on the attachment bond was not error. The pleadings in the cross-action were long and set forth in detail the ineffectual efforts of appellant to obtain from his cousin, the appellee, an extension of the time of payment of the note given by him to her. The unrelenting conduct of the cousin in refusing to concede any favors to appellant, of course, was not sufficient to base a suit for damages thereon. None of the other allegations showed any basis for damages, and it is only necessary to say that no personal property was seized but only certain real property was levied upon without disturbing the possession of appellant. Such seizure of real property did not constitute a basis for a claim to any damages actual or exemplary. This court so decided in the case of Tsesmelis v. Sinton State Bank et al., 35 S.W.(2d) 451. The cited case was taken by writ of error to the Supreme Court, but was afterwards affirmed in an opinion written by Judge Joseph Ryan of the Commission of Appeals, 53 S.W.(2d) pages 461, 463. The Commission of Appeals on the subject being considered said: "The mere levy

of a writ of attachment upon real estate, not being attended with any disturbance of the possession, use, or enjoyment by the owner, will not authorize a recovery of actual or exemplary damages." The cross-action stated no cause of action, and the general demurrer was properly sustained. The second proposition is, like unto the first, and falls with it.

Appellant paid the full amount of his debt and interest, up to the time of the maturity of the debt, which occurred after the institution of the suit. The payment was made to the clerk, with instructions to hold it until final judgment was rendered in the cause. The institution of the suit was caused by the acts of appellant in preparing to dispose of his property with intent to defeat the claim of appellee. The court must have found this fact in rendering the judgment which was rendered against appellant.

The facts in this case sharply differentiate it from the facts in the case of Laning v. Iron City National Bank, 89 Tex. 601, 35 S. W. 1048, relied upon by appellant to show that attorney's fees and interest should not be recovered because the suit was instituted before its due date. In that case the jury found that the writ of attachment was wrongfully sued out. Not so in this case; but the action of the judge in sustaining a general demurrer to appellant's cross-action and in rendering judgment for appellee showed conclusively that he found that the facts existed which justified the issuance of the writs of attachment.

The appeal is without merit, and the judgment is affirmed.