Edwin T. REILLY, Appellant,

v.

Pat O. SHEEDY, Appellee.

No. 3583.

Court of Civil Appeals of Texas.

Eastland.

Jan. 27, 1961.

Rehearing Denied Feb. 24, 1961.

Roland A. Eisenhauer, San Antonio, James A. McKay, Jr., San Antonio, for appellant.

Baskin, Casseb & Giuiland, San Antonio, on motion for rehearing only for appellant.

James C. Onion, San Antonio, for appellee.

COLLINGS, Justice.

Pat O. Sheedy brought suit against Edwin T. Reilly on an installment promissory note executed on May 21, 1956, and to foreclose a chattel mortgage executed contemporaneously with the note. The note was in the principal sum of $11,000 and provided for interest at 5% per annum until paid. Reilly answered by a general denial and a plea of partial failure of consideration. He alleged that a part of the consideration for the note was a certain gravel lease which plaintiff represented and warranted to be in full force and effect for at least four years from the date of the note, and that actually plaintiff's lease on the property was on a month to month basis; that plaintiff also violated his express agreement to refrain from conducting any gravel operations on the south side of the City of San Antonio and Bexar County for a period of twelve months from May 21, 1956. Reilly also brought a cross-action against Sheedy seeking alleged damages by reason of the loss of sale of gravel from the lease and sought cancellation of the note and chattel mortgage. The case was tried before a jury which found (1) that Sheedy did not represent to Reilly that the gravel lease had an unexpired term of approximately four years, (2) that Sheedy did not make such a representation to Reilly to induce the execution of the $11,000 note, (3) that no such representation was a material inducement to Reilly to execute the note, and (4) that Reilly by reasonable diligence should have ascertained prior to the execution of the note the terms of the gravel lease.

Based upon the verdict and "such additional considerations and findings as were authorized" and made by the court, judgment was entered for the plaintiff in the

sum of $8,470 with 6% interest from the date of the judgment and for $847 attorneys' fees. Edwin T. Reilly has appealed.

■ In appellant's first point of error it is contended that appellee Sheedy, if entitled to judgment at all, should have recovery only on the cause of action he had at the time suit was filed, and should not have recovery of more than the installments on the note then due. Sheedy's petition was filed on November 7, 1956. The installment note sued upon provided for attorneys' fees if not paid at maturity but did not contain an acceleration of maturity clause, the chattel mortgage, however, which was executed contemporaneously with the installment note did contain a clause for acceleration of maturity under certain conditions. It is undisputed that three monthly installments of $300 each had accrued and were unpaid at the time suit was filed. During the pendency of the suit and before judgment the note matured in full and was fully matured at the time of the trial on August 25, 1959. On January 4, 1960, judgment was entered for Sheedy for the entire $7,700 balance then due on the note together with interest which amounted to a total of $8,470 and 10% additional, or $847 as attorneys' fees.

Where a suit is brought upon an installment note before all installments are due and payable, and before judgment the note matures in full so that all installments are then due and payable and no tender of payment is previously made, it is proper for the court to render judgment for the total amount of principal, interest and attorney's fees. Olivares v. Garcia, Tex.Com.App., 127 Tex. 112, 91 S.W.2d 1059, and cases therein cited. The better procedure would have been for appellee to have amended his petition alleging that the note had fully matured, but the amended pleading was not absolutely required under the circumstances in evidence. Laning v. Iron City National Bank, 89 Tex. 601, 35 S.W. 1048. The evidence shows and it is unquestioned that all installments were due and payable at the time of the trial and judgment. Appellee, as plaintiff, alleged in his original petition that the note was due and payable, that he had demanded payment of appellant in the principal sum of $7,700, plus interest and attorneys' fees, but that appellant had at all times failed and refused and continued to refuse to pay same or any part thereof. No exceptions were filed to appellee's pleadings. The defense urged in appellant's pleadings was partial failure of consideration and the case was tried on that theory. The court properly rendered judgment in favor of appellee for the total amount of principal, interest and attorneys' fees. Appellant's point urging the contrary is overruled.

■ In appellant's second point it is urged that the court erred in refusing to submit his requested special issues concerning partial failure of consideration. The requested issues inquired whether "a part of the consideration for the $11,000.00 note * * was the agreement of Pat O. Sheedy to transfer to Edwin T. Reilly the unexpired term of approximately four years of the A. J. Barkhausen gravel pit lease?" and "what part, if any, of the total $11,000.00 consideration" the jury found failed by reason of the failure of Sheedy to transfer to Reilly the unexpired term of approximately four years of said gravel pit lease. Appellant's theory and contention concerning his defense of partial failure of consideration was that Sheedy had made a material misrepresentation to Reilly concerning the unexpired term of the gravel lease. Special issues in the court's charge properly submitted the controlling and ultimate fact issues involving misrepresentation, which was the theory on which appellant was attempting to establish a failure of consideration. Since the defensive issues requested by appellant were substantially and fairly submitted in the court's charge no error is shown. Appellant's second point is overruled. Dreeben v. Sidor, Tex.Civ. App., 254 S.W.2d 908.

The judgment is affirmed.