Adrian J. SAMPECK, Appellant,

v.

George I. STRONG, Ind. Executor of the
Estate of Ricks Strong, Dec.,
Appellee.

No. 5005.

Court of Civil Appeals of Texas,
Waco.

April 1, 1971.

Rehearing Denied April 29, 1971.

Charles J. Winikates, Dallas, for appellant.

Wm. B. Henley, Jr., Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Sampeck from judgment denying him recovery of attorney's fees, in a suit on a note.

Ricks Strong executed a note for $20,-000, on July 10, 1969 payable to plaintiff. Such note was payable on or before July 10, 1970; provided for 6% interest; and "if this note is placed in the hands of an attorney for collection * * * 10% additional."

Ricks Strong died July 25, 1969, and on August 10, 1969 defendant George Strong qualified as Independent Executor of the Estate of Ricks Strong, deceased.

On September 4, 1969 plaintiff's attorney mailed defendant a claim against the Estate of Ricks Strong for payment of $20,-000. principal of the note; interest at 6%; and $2,018. as 10% attorney's fees.

Defendant's attorney on October 10, 1969, wrote plaintiff's attorney the note was not due until July 10, 1970, and that prior to that time it would be paid together with all interest due.

Prior to July 10, 1970 defendant paid plaintiff $21,200. representing the principal plus one year's interest.

On November 5, 1969 plaintiff filed suit on the note for principal, interest and attorney's fees in the amount of 10%.

The trial court found that the principal sum of the note, $20,000. plus one year's interest of 6%, $1200, had been paid to plaintiff prior to July 10, 1970, and rendered judgment that plaintiff take nothing.

Plaintiff appeals contending the trial court erred in concluding plaintiff was not entitled to recover an attorney's fee.

The note provided: "* * * if this note is placed in the hands of an attorney for collection, (maker agrees) to pay ten percent additional on the full amount due for attorney's fees * * *". Plaintiff asserts he placed the note in the hands of an attorney for collection and is thus entitled to recover the 10% attorney's fees called for by the note.

The note was not due until July 10, 1970.

 A cause of action against a maker of a time instrument accrues the day after maturity. Sec. 3.122(a) (1) Uniform Commercial Code. It is true the maker of the note died, but defendant had qualified as Independent Executor of the maker's estate, and advised plaintiff the note together with interest would be paid on or prior to maturity. The Probate Code sections relating to rejecting claims and filing suit do not apply to an Independent Executor. Bunting v. Pearson, Tex.Sup., 430 S.W.2d 470. And the fact the maker of the note died did not cause acceleration of maturity of the note. Motor & Industrial Finance Co. v. Hughes, 157 Tex. 276, 302 S.W.2d 386.

When suit is filed on a note before it is due and before any default on the part of the maker, the maker is not liable for attorney's fees provided for in the note. Laning v. Iron City Nat. Bank, 89 Tex. 601, 35 S.W. 1048, 1049; 41 A.L.R.2d 679; Hamilton v. Clark, Tex.Civ.App. (NWH) 26 S.W. 515, 517; See also: Ingham v. Harrison, 148 Tex. 380, 224 S.W.2d 1019, 1022; Collingsworth v. King, 155 Tex. 93, 283 S.W.2d 30, 33.

Cases cited by plaintiff holding that the payee of a note sued on before maturity is entitled to attorney's fees where maker had disposed of his property in defraud of creditors; or where it was necessary to employ probate court proceedings to collect note of a deceased person are not applicable to the factual situation here. See Smith v. Pickham (NWH) 8 Tex.Civ.App. 326, 28 S.W. 565; Nease v. James, Er. Ref., 31 Tex.Civ.App. 151, 72 S.W. 87.

Plaintiff's points are overruled.

Affirmed.

WILSON, J., not participating.