## RUTHERFORD v. McGEE. (No. 9866.)

(Court of Civil Appeals of Texas. Fort Worth. April 1, 1922. Rehearing Denied May 6, 1922.)

**1. Estoppel ⟨⟩31—Absolute conveyance by guardian estops him from claiming interest individually.**

Where a guardian makes an absolute conveyance of land to a purchaser at guardian's sale, he is thereby estopped from claiming, in his individual capacity, against the purchaser, an interest in the land conveyed.

**2. Estoppel ⟨⟩31—Examination of title by purchaser's attorney does not prevent estoppel against guardian grantor.**

The fact that the purchaser at a guardian's sale had the title examined by his attorney, who gave the opinion that the guardian's sale conveyed the title, does not prevent the deed from operating as an estoppel against the claim by the guardian in his individual capacity of an interest in the land.

**3. Estoppel ⟨⟩31—General warranty inserted in guardian's deed binds him personally.**

A general warranty of title in a guardian's deed, which was voluntary, since he could not have been compelled to insert it, and was not binding on the ward, is binding on the guardian, and prevents him from claiming in his individual capacity an interest in the land conveyed.

**4. Tender ⟨⟩14(1)—Insufficient where made on condition to which creditor could object.**

A tender of the amount due on vendor's lien notes is insufficient, where it is made subject to a condition which the creditor was not legally obliged to perform, but to which he could object.

**5. Tender ⟨⟩14(1)—Tender of payment to minor on condition guardian execute quitclaim deed is ineffectual.**

A tender of the amount due a minor on vendor's lien notes, made subject to the condition that the guardian execute in his individual capacity a quitclaim deed to the property, is ineffectual to defeat recovery of interest thereafter and the attorney's fees provided for by the note, which were a part of the debt due the minor.

**6. Estoppel ⟨⟩12—Estoppel by deed needs no further act for protection of grantee.**

An estoppel by deed, unlike an estoppel in pais, appears from the face of the deed, so that there is no need for the record of any further instrument to protect the party in whose favor the estoppel arises.

Appeal from District Court, Young County; H. F. Weldon, Judge.

Trespass to try title by W. C. McGee against R. D. Rutherford, as guardian, and another, and a suit by R. D. Rutherford, as guardian, against W. C. McGee to foreclose vendor's lien notes and to recover an interest in the land, which were consolidated for trial. From a judgment awarding the land to McGee, subject to the payment of the vendor's lien notes without interest from the date of tender and without attorney's fee, Rutherford appeals. Reversed, and judgment rendered, giving McGee the land subject to payment of the vendor's lien notes with interest and attorneys' fees.

Marshall & King, of Graham, and S. S. Sibley, of Dallas, for appellant.

Kay, Akin & Kenley, of Wichita Falls, and Johnson & Johnson, of Graham, for appellee.

CONNER, C. J. W. C. McGee instituted suit on February 11, 1921, against R. D. Rutherford as guardian, and against Lee Rutherford, his ward, a minor, in trespass to try title to recover a tract of land in Young county. He also presented a second count wherein he alleged a prior purchase of the land from R. D. Rutherford as guardian, upon specified terms, and upon which there yet remained of the purchase money certain specified vendor's lien notes for specified amounts, of which plaintiff pleaded tenders; further alleging that said guardian was claiming an interest in said lands, but which he was estopped from claiming because of matters set up in the plea. On the same day and in the same court, the guardian filed suit against McGee, declaring upon the vendor's lien notes that had been given by McGee as part of the purchase money for the lands in question, and also claiming a life estate in one-third of the land in question. The two suits were consolidated and tried as one, and from the judgment therein this appeal has been prosecuted.

The facts, briefly stated, upon which the judicial controversy rests, are that the tract of land described in the pleadings was owned in the separate right of Mrs. Rutherford, the mother of the minor, Lee Rutherford, who died, leaving her husband, R. D. Rutherford, and her infant child, Lee Rutherford, surviving. Thereafter R. D. Rutherford, the father, in due manner and form applied for

appointment as guardian of the person and estate of said minor. He was duly appointed and qualified as such, and in due time formally presented and had filed an inventory and appraisement of the estate of his minor child, which was duly approved. The land in question was listed and appraised as the property of the minor. Thereafter the guardian in due manner and form presented an application for the sale of the land, in order, among other things, to provide for the discharge of an early maturing incumbrance of $2,500. The application was duly granted, and the guardian authorized to sell as prayed for. Thereafter the guardian effected a sale of the land to the appellee, W. C. McGee, upon terms to be hereinafter mentioned. The sale was duly reported to the probate court, and by that court duly approved, and on, to wit, the 13th day of July, 1918, pursuant to the court's order approving the sale, R. D. Rutherford executed and delivered to W. C. McGee a deed to the land. The deed embodies the several necessary orders of the court, describes the land, and conveys full title thereto in consideration of the sum of $1,000 in cash, the assumption of the $2,500 obligation already referred to, and the execution and delivery to R. D. Rutherford of five notes, each for the sum of $820, all bearing interest from the first day of January, 1918, at 7 per cent. per annum, and payable annually, one each year on January 1st thereafter until all were paid, with privilege on the part of Magee to pay all at any time. The deed was signed by "R. D. Rutherford, Guardian of the Said Ralph Lee Rutherford, a Minor," and was duly acknowledged by R. D. Rutherford before a notary public "as the guardian of the estate of Ralph Lee Rutherford, a minor, for the purposes and consideration therein expressed, and in the capacity therein stated." The deed also contained the usual habendum clause, and included the following warranty:

"I do hereby warrant and forever defend the title to said land unto the said W. C. McGee against all persons claiming or to claim the same or any part thereof. It is specially agreed that all mineral substances is hereby conveyed with said land, without reservation of any kind."

Thereafter the appellee, McGee, paid the note first maturing, and, having heard that appellant, R. D. Rutherford, was claiming an interest in the land in question, he, in October, 1920, deposited in a bank in Dallas, where R. D. Rutherford was residing, the amount, principal and interest, due upon the remaining unpaid vendor's lien notes that had been executed by McGee, with directions to the bank to pay said sum to Rutherford upon the execution of a quitclaim deed, duly executed by Rutherford to whatever interest, if any, he had in the land. Rutherford, upon notification, refused to receive the moneys upon such condition, insisting that he had a life estate of one-third in the lands. No other objection to the sufficiency of the tender was made, nor is it objected that the tender was not otherwise sufficient or not continued.

Upon the refusal of R. D. Rutherford to execute the quitclaim deed and receive the amount due upon the notes, Magee instituted his suit as stated in the beginning, and Rutherford instituted his suit to recover the principal, interest, and attorney's fees as in the notes specified. It should be further stated that the judgment directed the payment of the sum tendered by McGee in satisfaction of his notes to Rutherford, but denied Rutherford a recovery of the attorney's fees and interest from and after the date of his tender in October, 1920, and further vested full title to the land in McGee. Such further facts as may be necessary to an understanding of our opinion will be stated in connection with the subjects discussed.

The controlling questions presented on this appeal are:

1. Whether under the circumstances the appellant, R. D. Rutherford, is estopped to claim a one-third life estate in the land in controversy as held by the court below; and (2) whether the court erred in denying appellant interest and attorney's fees on the vendor's lien notes made the foundation of his suit.

[1] Article 2462, V. S. Tex. Civ. Statutes, provides that where any person having title to an estate of inheritance shall die intestate as to such estate, and shall leave a surviving husband or wife, or a child or children, as was the case of Mrs. Rutherford at the time of her death, then the surviving husband or wife shall be entitled "to an estate for life in one-third of the land of the intestate, with remainder to the child or children of the intestate, and their descendants." So that it is beyond question that R. D. Rutherford at and prior to the time he executed the deed in controversy to appellee, McGee, owned and was entitled to an estate for life in one-third of the land so conveyed to appellee, and appellant's contention is that a deed signed by a guardian as such does not convey the individual interest of the guardian, or estop him from claiming his interest therein. In support of this contention he cites Devlin on Deeds, vol. 2, § 1280; Merchants' National Bank v. Eustis, 8 Tex. Civ. App. 350, 28 S. W. 227; Carothers v. Alexander, 74 Tex. 309, 12 S. W. 4. Of the authorities so cited, the section from Devlin on Deeds seems most directly in point. It is there said:

"A deed can bind a party by way of estoppel only in the capacity in which he executed it. One who executes a deed as the attorney in fact for another is not precluded from subse-

quently setting up a title to the land, which had been acquired by him prior to the execution of the deed from the person for whom he acted as attorney in fact"—citing Smith v. Penny, 44 Cal. 161.

A number of other authorities might be cited to the same effect, but in this state the rule in such cases would seem to be otherwise. See Millican v. McNeill, 102 Tex. 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863; Ford v. Warner (Tex. Civ. App.) 176 S. W. 885; Moody v. Bonham (Tex. Civ. App.) 178 S. W. 1020, writ of error refused. The case of Millican v. McNeill, supra, decided by our Supreme Court, was one in which McNeill owned a life estate in certain property, and conveyed it to others as administrator. The deed as here purported to convey the entire estate. On this subject the court said:

"The principle controlling this case is that which estops the maker of a deed purporting to convey an estate of a particular kind from afterwards asserting that such an estate did not pass. McNeill owned the life estate when he made the deed in question, and had full power to convey it then. His deed undertakes to convey the lot itself and full title to it as the property of the estate, without mention or reservation of any claim of his own. Although he assumes to convey as administrator, he assumes as well that the title is in the estate, and he should not be heard afterwards to assert that any part of it was in himself."

It was further said that, while there might be some diversity of opinion on the question, the "weight of authority is said to be in favor of the view expressed," and that "this court has heretofore adopted that view," citing cases. In that case there was also a warranty of title. It was not, however, absolute as in the case before us, but was restricted to a defense of the title "against the claim or claims of any and all persons lawfully claiming or to claim the same or any part thereof, to the extent that I am bound to do according to law as such administrator and no further." With reference to the subject of the warranty the court said:

"We do not base our opinion upon the covenant of warranty in the administrator's deed, finding it unnecessary to go to the extent of holding that such warranty bound McNeill personally, although there is authority for the proposition [citing cases]. * * *

"The limitation put by McNeill upon his covenant of warranty does not attempt to restrict the language whereby he undertook to convey full title to the lot, and does not modify the effect of that language upon the estate then held in his own right. His deed said to the grantee that the property belonged to the estate, and it would be fraud to permit him afterwards to say that it belonged to him, and this is a just reason, aside from the technical learning upon the subject, for holding him bound."

The case of Moody v. Bonham, supra, was also a case wherein an administrator had conveyed property in which he had a personal interest, and the holding was in legal effect the same as in the case of Millican v. McNeill.

In the case of Ford v. Warner, supra, it was held that a conveyance by an attorney in fact for his principal conveyed whatever right the attorney had in the property, whether he signed the conveyance as agent or as principal.

While appellant R. D. Rutherford conveyed as guardian instead of administrator or as attorney in fact, we think the principle must be the same, and there can be no doubt but that upon the face of the guardian's deed in this case the full title purported to pass, and appellee's testimony was to the effect that he understood that he was getting good title, and that the price paid therefor was its full value.

[2] There is a contention in behalf of appellant that the estoppel pleaded by appellee is not available because the evidence shows that before appellee's acceptance of his deed and the execution of his notes an abstract of title had been furnished to and approved by an attorney of appellee's selection. The attorney was not called upon to testify. He informed appellee, however, as appellee testified, that the title was good, and there is nothing to show that appellee's attorney had actual knowledge of appellant's life estate interest, and it is undisputed that appellant, R. D. Rutherford, at the time made no mention of it, although he acknowledged on cross-examination that at the time of the conveyance he knew of such interest. His silence at the time, in view of the unqualified character of his conveyance, adds force we think, to the estoppel.

[3] We think we may also consider on the issue of estoppel the form and general effect of appellant's warranty as guardian. He, doubtless, was not required to make any such warranty. It is to be construed as voluntary, but while personal and not binding upon the ward, it is unrestricted in its terms and binding on R. D. Rutherford, and, as inserted, was certainly calculated to induce the conclusion by one unlearned in law that the grantee was getting the full title, exclusive of the claims of all other persons. As to the effect of such a warranty, see Hitchcock v. So. Iron & Timber Co., 38 S. W. 588. In that case it was said by the Court of Chancery Appeals of Tennessee:

"The question, then, is, Does a trustee, who incorporates a personal covenant of warranty of title into a deed which he makes as trustee, estop himself to afterwards claim the land? The authorities answer this question in the affirmative."

Among other authorities cited in support of the quotation made, the court quoted with approval the following from Bigelow on Estoppel:

"In this connection grants with general warranty made by trustees, executors, and administrators, without authority, in behalf of the cestuis que trustent or heirs, may be referred to. The warranty being authorized by the person intended, the law treats it as the undertaking of the trustee, executor, or administrator; and it follows, upon the principle of rebutter, that such person and his privies will, if the grant was general, be precluded from claiming against the grantee and his privies any estate which such trustee, executor, or administrator may happen to acquire in the premises conveyed."

We conclude, therefore, that the judgment in favor of appellee for the land in controversy for the full title, exclusive of the life estate therein claimed by appellant, must be affirmed.

[4] On the second question, however, we think the court was in error. The court's refusal to allow appellant a recovery for interest and attorney's fees was based upon the evidence relating to the tender mentioned in the early part of this opinion. As stated, the notes themselves specifically provided for interest until paid, and further specifically provided for the usual 10 per cent. attorney's fees in case of collection by suit. That appellee refused to pay those notes unless appellant R. D. Rutherford executed a quitclaim deed to the land in controversy is undisputed, and the general rule on the subject is thus stated in 38 Cyc., page 152, par. E:

"Where a person is to perform an act, the obligation to perform which is independent of any precedent or concurrent act to be performed by the other party, as where money is to be paid in liquidation of a debt, or the object is to discharge the tenderer of the obligation, the money or thing to be delivered must be tendered unconditionally, and a tender accompanied, with some condition, performance of which is impossible, or which the tenderer has no right to make," is not effective as a tender.

In 26 R. C. L. p. 640, § 21, it is said:

"It is a general rule that a tender, to be effectual, must be unconditional, or, as sometimes expressed, it must be without conditions to which the creditor can have a valid objection, or which will be prejudicial to his rights. So where an assignment of a judgment cannot be insisted on, a tender of the amount on that condition is not valid. But where the condition is one which the debtor has the right to insist on, a tender made subject to that condition is valid. Thus when the performance of an act on the part of the creditor is to be precedent to or concurrent with the payment by the debtor, the latter may make his offer depend on the due performance of that condition."

As illustrating the application of the general rule as stated by the foregoing authorities, see Loughborough v. McNevin, by the Supreme Court of California, reported in 74 Cal. 250, 14 Pac. 369, and affirmed in 15 Pac. 773, 5 Am. St. Rep. 435.

That a tender in payment of the debt accompanied with the condition that certain personal property held by the creditor as security for the debt was a lawful tender see Moynaham v. Moore, 9 Mich. 9, 77 Am. Dec. 468, by the Michigan court. It was there held that the tender of an amount sufficient to discharge a mechanic's lien for the repairs of certain personal property was not vitiated by the condition that it should be delivered up. See, also, Bailey v. Buchanan Co., by the Court of Appeals of New York, 115 N. Y. 297, 22 N. E. 155, 6 L. R. A. 562; Lovett v. Eastern Oil Co., 68 W. Va. 667, 70 S. E. 707, Ann. Cas. 1912B, 360, where the tender was upon the condition that a receipt for the amount tendered should be executed by the creditor; and in Engelbach v. Simpson, 12 Tex. Civ. App. 188, 33 S. W. 596, by the Court of Civil Appeals for the Fifth District, where the tender was made upon condition that a release of the vendor's lien reserved to secure the debt tendered, it was held that the debtor had the right to demand such release, and that the tender was good.

[5] Other cases might be cited, but we have found no case in which a tender was held effectual when made upon a condition that the creditor perform an act not contemplated by the obligation to discharge which the tender was made, and which the debtor had no right to demand. It is to be remembered, as already stated, that appellee's obligation was not only to pay interest, but also attorney's fees under the circumstances specified in the notes. The payment of interest and attorney's fees was thus made as much a part of the consideration which appellee was to pay for the land as any other part of the notes declared upon, and the entire consideration, while payable to appellant, R. D. Rutherford, was in fact the property of the minor, and inured to his benefit, and we fail to see upon what just principle the ward should be defeated in the recovery of any part of the consideration due him upon the obligations executed by appellee because of the refusal of his guardian, R. D. Rutherford, to execute an additional instrument in effect renouncing a title personal to him and independent of the title vested in the minor.

[6] It is also to be remembered that estoppel by deed is distinguishable from estoppel in pais. See Heirs of Shelby Corzine v. Williams, 85 Tex. 499, 22 S. W. 399; Baldwin

v. Root, 90 Tex. 546, 40 S. W. 3. In the case of estoppel by deed, the deed on its face, when recorded, conveys notice to all persons of the legal and equitable effect of the instrument, and of the recitals therein which operate on the grantor to estop him from asserting a title in conflict with that which his deed purports to convey. Nothing further is needed for the protection of the title of the grantee. Whereas, in case of estoppel in pais, the facts of representations constituting the estoppel lie in parol and of which creditors or intending purchasers may be without notice, thus rendering it necessary for the grantee to have some further and enduring evidence, effective against all the world, in order to show that he has full title.

It is upon this distinction that a tender of the amount due upon vendor's lien notes, given for the purchase of land upon condition that a proper release of the vendor's lien be executed, may be held to be an effective tender, as held in State v. Austin (Tex. Civ. App.) 33 S. W. 596. In such case the fact of payment and of the consequent investiture of full and absolute title rests in parol, and the release, which may be recorded, is necessary for the protection of the grantee. But in this case the execution of the quitclaim deed was not necessary for appellee's protection. He claims in this suit that the guardian's deed, executed and delivered to him at the time and under the circumstances we have stated, conveyed to him full title, including the life estate claimed by R. D. Rutherford, and we have so held. Nothing further, therefore, than the conveyance executed by the guardian under which appellee claims was legally necessary. We accordingly hold that appellee's tender, accompanied with the condition that was not legally necessary to his protection, was ineffectual and that hence appellant, R. D. Rutherford, as guardian under all the circumstances, was entitled to recover interest to the time of the judgment and attorney's fees as specified in the notes.

Several other questions were presented, but they are merely incidental and not necessary to our conclusion, and will therefore not be discussed. For the reasons stated, however the judgment in so far as it awards to appellee full title to the land described in his petition, and denying appellant, R. D. Rutherford, all interest therein, will be affirmed, but the judgment denying appellant, R. D. Rutherford, recovery for interest and attorney's fees will be reversed and here rendered in his favor, with a lien upon the land in controversy as specified in appellee's notes to secure both principal and interest and attorney's fees as prayed for in his petition, the amount tendered by appellee and deposited with the clerk below to be applied in liquidation pro tanto of the judgment.