**WILEY et al. v. SCOTT.**

No. 2797.

Court of Civil Appeals of Texas.
Eastland.

April 7, 1950.

Rehearing Denied May 12, 1950.

Thomas & Thomas, Big Spring, for appellants.

Murphy & Smith, San Angelo, for appellee.

LONG, Justice.

Appellants operate a garage in Big Spring. Appellee is the owner of a 2½ ton GMC truck and on the 9th day of February, 1948, delivered said truck to appellants for the purpose of having it repaired. Appellants repaired the truck and charged therefor the sum of $243.77. Appellee contended that this was an overcharge for the services rendered. On April 5, 1948, appellee made an alleged tender of the charges and upon a refusal of appellant to accept said tender, instituted this suit for possession of his truck and for damages. Appellants filed a cross action for their debt and for foreclosure of their mechanic's lien on the truck. At the time of the trial, the truck was in the possession of appellants by virtue of a replevy bond. The jury found (1) appellants' charges to be reasonable and customary; (2) that appellants made no objection to payment by check when the alleged tender was made; (3) that the reasonable cash value for the use of the appellee's truck from the date of the alleged tender was $1,350. Judgment was for appellee for possession of the truck and for $1,350, less $243.77, appellants' charges or repairs on the truck.

Appellees contend the court erred in overruling their motion for an instructed verdict. If appellee did not make a legal tender of the amount due appellants, this point should be sustained. Appellee, through an agent, tendered Mr. Clinkscales, one of the appellants, a check signed by appellee for $243.77, being the amount

claimed by appellants. There was written upon this check "repairs on truck—paid under protest—for overcharge." At that time Mr. Clinkscales advised the agent of appellee that they had decided to reduce the amount to $200. The agent then obtained another check from appellee in the sum of $200 on which was written "repairs on GMC truck paid under protest." Mr. Clinkscales refused to take either of said checks on account of the notations made thereon. Dr. Slusser, agent of appellee, offered to pay to appellants the amount in cash if appellants would endorse either of the checks. This appellants refused to do on account of the notation on the checks.

The jury found that in refusing the tender that appellants made no objection to the payment by check, therefore, the only question presented is, did the appellants have the right to refuse the checks on account of the notations. As to the first check for $243.77, we think appellants were clearly within their rights in refusing to accept said check in payment of their bill. The check on its face had the statement "for overcharge." If appellants had accepted and endorsed this check, it would have been some evidence that they had made an overcharge against appellee for the repairs on his truck. A tender accompanied with conditions which the debtor has no right to impose is without effect. It may not be conditioned upon a demand that the creditor relinquish a legal right nor on any ground which the debtor has no right to demand. 40 Tex.Jur., page 851; Rutherford v. McGee, Tex.Civ.App., 241 S.W. 629; 26 R.C.L. 640.

At the time the check was presented appellee was in the office of his attorney and from the record, we believe it is shown he was at that time preparing to institute suit against appellants. He could not require appellants to give evidence that would be beneficial to him upon the trial of a law suit. The controlling issue in the contemplated law suit would be the reasonableness of the charges made by appellants for repairing the truck. Certainly appellee could not require appellants to endorse a check on which was written "for overcharge," thereby admitting their charges were not reasonable.

We further believe the offer of the check for $200 was not a legal tender of the amount due. As we view the record appellants were attempting to settle whatever difference there might be between them and appellee and in doing so, offered to reduce the amount of their bill to $200. This was an offer of compromise. Appellee did not accept this offer but on the contrary, when he caused to be presented to appellants his check for $200 in payment of the compromise settlement, he still insisted upon writing upon the check "paid under protest." This would not have settled their difference. The controversy would still have existed. If appellee desired to accept the offer of compromise he should have presented the check without the notation "paid under protest."

The jury found that the amount of $243.77 was a reasonable and customary charge for the services rendered. Appellee never made a legal tender of this amount to appellants. He never tendered at any time the $200 as an acceptance of the offer to compromise without writing upon his check "paid under protest." It is our belief the trial court erred in refusing to instruct a verdict for appellants upon the issue of tender. The jury having found that the $243.77 was the usual and customary charge for the services rendered, appellants are entitled to a judgment against appellee for such sum and for foreclosure of their mechanic's lien against the truck. Appellee is not entitled to $1,350 for the use of his truck from the date of the alleged tender.

The case has been fully developed and it, therefore, becomes our duty to enter such judgment as the trial court should have rendered. 434 Texas Rules Civil Procedure.

The judgment of the trial court is reformed so as to allow appellants a recovery of $243.77 against appellee and for foreclosure of a mechanic's lien against the truck involved. That part of the judgment

allowing recovery by appellee against appellants for $1,350, less $243.77, and for possession of the truck is reversed and here rendered in favor of appellants.

The judgment of the trial court is reformed and affirmed in part and in part reversed and rendered.