WAYNE A. COLLINGSWORTH ET AL v. M. D. KING *III*

No. A-5268. Decided October 12, 1955.
Rehearing overruled November 9, 1955.
(283 S. W. 2d Series 30)

*Greenwood & Russell* and *P. G. Greenwood,* of Harlingen, for petitioners.

The Court of Civil Appeals erred in holding that the tender of payment made by Stone L. Hargrove, as representative for Collingsworth, at the Harlingen State Bank, was a conditional tender rather than an unqualified tender. Bayless v. Strahan, 182 S.W. 2d 262, error refused; Texas P. & L. Co. v. Adamson, 203 S.W. 2d 275, no writ history; Cates v. Clark, 119 Texas 519, 33 S.W. 2d 1065.

*Kent, Brown & George,* and *A. M. Kent,* of Harlingen, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

The respondent instituted this suit to recover the sum of $22,307.94, and to foreclose a vendor's lien. The sum sued for included principal, interest and attorney's fees claimed to be due and owing on the vendor's lien notes numbered three and four of a series of five notes which had been executed on January 1, 1949 by M. H. Coleman in favor of Thomas S. Wallace as a part of the purchase price for certain lots of parcels of land situated in Cameron County, Texas. The notes involved were due and payable at Harlingen, Texas, on September 1, 1951 and September 1, 1952, respectively, and contained the usual acceleration clause. On August 27, 1949, M. H. Coleman and wife conveyed the property to petitioner, Wayne A. Collingsworth, and as a part of the consideration, the latter assumed payment of the balance then due and owing on the notes theretofore executed.

On June 21, 1954, the trial court entered a judgment in favor of respondent as prayed for. This judgment has been affirmed by the Court of Civil Appeals. 276 S.W. 2d 556.

Respondent, M. D. King, III, a resident citizen of California, became the owner and holder of the notes sued upon by regular transfer from Thomas S. Wallace. Although the notes were due

on the respective dates above stated, the respondent did not present the notes for payment until November 3, 1951. On that date the notes were received by the Harlingen State Bank with instructions from Mr. King to demand and collect the total sum of $22,023.47, which sum included interest at the rate of 10% on the principal of said notes from September 1, 1950 to September 1, 1951, and 10% attorney's fees.

The petitioners have assumed the position before the trial court, the Court of Civil Appeals and this Court that the demands made upon petitioner, Collingsworth, by respondent were excessive in that since no special place for payment had been designated in said notes for payment, and since presentment for payment had not been made until November 3, 1951, no penalties of any character could be invoked. In accordance with the defense thus raised, the said petitioner, acting by and through his agent, Stone Hargrove, tendered to the Harlingen State Bank, the agent of respondent, the sum of $19,086.51 in full payment of the principal and interest on both notes.

Petitioners contend that the trial court and the Court of Civil Appeals were in error in holding that the tender of the sum last stated was " 'coupled with a condition embodying a requirement of assignment of the notes and liens involved.' " The respondent seeks to invoke the rule announced in the case of Wiley v. Scott, Tex. Civ. App., 229 S.W. 2d 650, wherein the Court said: "* * * A tender accompanied with conditions which the debtor has no right to impose is without effect. It may not be conditioned upon a demand that the creditor relinquish a legal right nor on any ground which the debtor has no right to demand * * *."

It is necessary at this point to discuss the evidence in order to clearly demonstrate the reasons for our conclusion that there is no evidence of probative force to support the judgment of the trial court. The trial of this case began with a jury, but at the close of all the evidence the parties entered into certain stipulations to avoid the necessity of jury findings. The stipulations contain the following: "* * * this stipulation being made without the Plaintiff [respondent] herein waiving his contention that in connection with the offer made by Mr. Stone Hargrove and hereinafter referred to, that such offer was coupled with a condition embodying a requirement of assignment of the notes and liens involved, but the stipulation being intended by the parties to avoid the necessity of Jury findings in connection with other portions of the offer made by said Hargrove* * * ."

After the Court had prepared special issues to be submitted to the jury on the question of whether or not the tender made by petitioner, Hargrove, was conditional, the parties entered into a further stipulation: "* * * It is accordingly agreed between the parties that this cause be withdrawn from the Jury and determined by the Court on the questions of law with briefs to be submitted by the respective parties presenting their respective contentions for judgment in this cause."

No independent findings of fact or conclusions of law were filed by the trial court. The judgment contains the following recitation: "* * * the Court having considered the pleadings of all parties, the evidence introduced, and the briefs and arguments of counsel, being advised in the premises, finds that the Plaintiff, M. D. King, III, should have and recover from the Defendant, Wayne A. Collingsworth, the sum of * * * $24,173.74 for his debt and interest to the date of judgment, and his attorneys' fees * * * in the amount of * * * $2,417.37, and foreclosure of his lien."

■ We cannot agree with respondent that the evidence supports an implied finding by the trial court that the tender of payments made by Collingsworth through his agent, Hargrove, was conditioned upon an assignment of respondent's lien; neither can we agree with the finding made by the Court of Civil Appeals that the stipulation stated further that the offer "was coupled with a condition embodying a requirement of assignment of the notes and lien involved." The stipulation clearly states that respondent was not waiving his contention that the offer of payment was a conditional tender. The issue of whether or not the tender was conditional or unconditional was to be determined by the trial court. In our opinion there is no evidence in the record to support either an implied or express finding that the tender of payment made on November 3, 1951 was conditional. Therefore, the rule announced in the case of North East Texas Motor Lines, Inc. v. Dickson, 148 Texas 35, 219 S.W. 2d 795, 11 A.L.R. 2d 1065, has no application to the case at bar. Of course, it is well settled that in the absence of findings of fact by the trial court all disputed issues of fact must be resolved in favor of the judgment and all evidence in conflict therewith must be disregarded. The stipulation and the evidence fails to show that Mr. Hargrove requested and demanded an assignment of the notes and lien at the time he appeared at the bank and offered the sum of $19,086.51 in full payment of the amount then due. The stipulation reflects that the petitioner Hargrove was acting as the agent of petitioner,

Wayne A. Collingsworth, and that Hargrove was able and will-
ing to make the payment so offered; that the bank refused to
accept the amount tendered because the sum offered was not
the amount claimed by the respondent in his letter of instruc-
tion as heretofore indicated. It is true that because of a mathe-
matical error the amount tendered was insufficient in the amount
of $52.07. The tender was not refused because of the small short-
age, and we agree with the Court of Civil Appeals that the
record shows that petitioners were ready, willing, able and of-
fered to pay the correct amount computed on a correct inter-
pretation of the notes.

The evidence shows that on September 12, 1951, petitioner
addressed a letter to Mr. King's attorneys in California. The
letter reads as follows:

"This is to advise you that W. A. Collinsworth is making ar-
rangements to pay in full all notes against his farm held by your
client, M. D. King, III. Our Attorney will mail you a release
to be signed by Mr. King and advise you where to send draft
for principal & interest with notes and release attached.

"You should know that these notes are payable in Harlingen,
Texas, and in as much as Mr. Collinsworth had no statement or
request for payment nor any point of payment in Harlingen
designated you cannot invoke any penalty. We will expect to
pay principal and stated interest only."

On October 1, 1951, the attorneys for petitioners, in a letter
to the attorneys for respondent, advised that Mr. Collingsworth
had made arrangements with a client to carry the notes. In that
letter it was stated:

"* * * I have prepared an assignment of these notes in blank
for Mr. King to execute. You will please have him execute this
assignment and send it along with the notes and attach a draft
to it for the actual amount of the notes plus accrued interest to
date of payment without the penalties suggested in your letter
and send the same to the Harlingen State Bank, Harlingen,
Texas, and instruct the bank to collect any additional interest
which may accrue before the date of actual payment* * *."

We find in the record correspondence between a bank in
California with the bank in Harlingen in regard to these notes.
The letters are dated October 3rd, 10th and 31st, 1951. These
letters do not refer to a release or assignment. The respondent
relies upon the following testimony to support his contention

that Mr. Hargrove demanded an assignment on November 3, 1951. On cross-examination, Mr. Hargrove testified:

"Q.  And your only willingness to ever pay anything on this indebtedness was conditional upon an assignment of that character being executed, is that correct?

"A.  Oh, assignment or a release as Mr. Greenwood wrote them."

\*  \*  \*

"Q.  Well now, didn't you tell us a little while ago, Mr. Hargrove, that there at the bank when you made this money available to Mr. Duncan that it was on condition that you get an assignment of this lien?

"A.  Well, that was the presumption, yes."

It is contended that this testimony together with the letter wherein the assignment was mentioned, together with similar testimony given by Collingsworth on cross-examination, is in effect an admission that Hargrove was never willing to advance any money on the notes except on condition that he (Hargrove) receive an assignment.

■  The record is void of any evidence that a demand for an assignment was made on November 3, 1951. It was stipulated "that at the meeting at the Harlingen State Bank on or about November 3, 1951, Mr. Stone Hargrove at the conference then held between him and Mr. D. B. Duncan, of said bank, (offered) to pay said bank the full amount of the principal of notes three and four plus the five percent interest provided for in said notes and also a ten percent interest on the amount of the interest due since September 1st of said year 1951; that the total amount so offered to be paid to the bank by the said Hargrove was in the amount of $19,086.51." Naturally Mr. Hargrove expected an assignment or a release, but the fact that he expected that the notes would be assigned to him is not evidence that he required it. This record shows that the correct sum due, if calculated correctly, would have been paid but for the fact that Mr. Duncan, an officer of the Harlingen Bank, had been directed by Mr. King to collect 10% additional as collection costs. The Court of Civil Appeals holds that November 3, 1951 was the first time any presentment of the notes was properly made. We agree with this as well as the further holding that the demand

was excessive and that petitioners were not chargeable with attorneys' fees. Ingham v. Harrison, 148 Texas 380, 224 S.W. 2d 1019; Laning v. Iron City Nat. Bank, 89 Texas 601, 35 S.W. 1048; Gulf Pipe Line Co. v. Nearen, 135 Texas 50, 138 S.W. 2d 1065, 1068; O'Connor v. Kirby Inv. Co., Tex. Civ. App., 282 S.W. 554, wr. ref.; 40 Tex. Jur. 840. The evidence in this case could not support a presumed finding that the tender was refused because it was conditioned on an assignment, and, furthermore, such fact cannot be presumed in the absence of evidence to support it. The only testimony relative to the refusal of the tender by the Harlingen State Bank, acting as agent for respondent, is that by Mr. Hargrove to the effect that when he offered the money to Mr. Duncan, an officer of the Bank, Mr. Duncan said that he had been advised to collect 10% additional as collection costs.

For the reasons stated the judgments of the trial court and the Court of Civil Appeals are reversed, and the cause is remanded to the trial court with instructions to enter judgment in accordance with this opinion.

All costs of appeal in both the Court of Civil Appeals and this Court are assessed against the respondent.

Opinion delivered October 12, 1955.

Rehearing overruled November 9, 1955.