**PROCESS OPERATORS, INC.,**
**Appellant,**

v.

**Ronald E. HAYES, Appellee.**

**No. 1136.**

Court of Civil Appeals of Texas, Tyler.

April 27, 1978.

Paul R. Lawrence, Houston, for appellant.

Dale Ledbetter, Houston, for appellee.

DUNAGAN, Chief Justice.

The plaintiff-appellee, Ronald E. Hayes (hereinafter called Hayes), on or about June 12, 1972, entered into an employment relationship with the defendant-appellant, Process Operators, Inc. (hereinafter called Process), and purchased 250 shares of Process stock for $2,000. The dispute herein arises out of Process's failure to reimburse Hayes for $833.37 worth of expenses incurred by Hayes in the furtherance of his employer's business and the failure of Process to either deliver to Hayes the stock or return his $2,000.

The case was tried without a jury and Hayes was awarded a judgment in the amount of $2,833.37, plus costs. No motion for new trial was filed. No findings of fact and conclusions of law were requested and none were filed.

Process's sole point of error is that there was no evidence, or alternatively, there was insufficient evidence to support the judgment entered in favor of the plaintiff.

We affirm.

The appellant concedes that there was sufficient evidence introduced regarding the unreimbursed business expenses. Therefore, the appellant does not complain of that portion of the judgment holding that Hayes was entitled to recover his $833.37 worth of expenses incurred by Hayes in the furtherance of the appellant's business. The major complaint of Process is that there are no pleadings to support the $2,000 portion of the judgment that was awarded to Hayes for the failure of Process to deliver the stock or to return to Hayes his $2,000. The appellant states that Hayes merely alleged he was fraudulently induced to enter into this contract for the sale of stock and that no fraudulent inducement evidence is contained in the record.

The record in this case shows that the appellee and the appellant entered into an agreement whereby the appellant was to pay $2,000 for 250 shares of the appellant's stock. The appellee paid this $2,000 and was never presented the 250 shares of stock.

There is abundant evidence to support a failure of consideration concerning this agreement. The appellee performed his part of the agreement by paying the $2,000. The appellant never did tender the stock to the appellee and the record reflects that there never was any intent to do so.

The appellant states in its brief that ". . . the only evidence offered tends to show a failure of consideration, no stock delivery. However, this was not in the pleadings and the Judgment must be reversed." We agree that the evidence shows a failure of consideration. The undisputed testimony shows that the appellee never received the stock he paid $2,000 to receive.

The appellee only pled fraudulent inducement and conversion and failed to

plead failure of consideration. This is not controlling, however, since the appellant, without objection, permitted the introduction of evidence bearing on a failure of consideration. *Antrim v. McMurrey,* 549 S.W.2d 463, 465 (Tex.Civ.App.—Austin 1977, n. w. h.). The issue of failure of consideration was tried by implied consent. Rule 67, Tex.R.Civ.P.; see *Johnson v. Bond,* 540 S.W.2d 516, 520 (Tex.Civ.App.—Fort Worth 1976, n. w. h.); *Simon v. Watson,* 525 S.W.2d 210 (Tex.Civ.App.—Dallas 1975, writ dism'd); *Texas Tool Traders, Inc. v. Mosley Machinery Co.,* 422 S.W.2d 229, 232 (Tex.Civ.App.—Waco 1967, n. w. h.); *Zorola v. Bishop & Son,* 401 S.W.2d 713, 715 (Tex. Civ.App.—San Antonio 1966, n. r. e.); *McKenzie v. Carte,* 385 S.W.2d 520, 525–526 (Tex.Civ.App.—Corpus Christi 1964, n. r. e.); *Shea v. Yanof,* 288 S.W.2d 575, 576 (Tex.Civ.App.—Dallas 1956, writ dism'd); *Shaw v. Tyler Bank and Trust Co.,* 285 S.W.2d 782, 790 (Tex.Civ.App.—Texarkana 1955, n. r. e.); *Donalson v. Horton,* 256 S.W.2d 693, 696 (Tex.Civ.App.—Amarillo 1952, n. w. h.); *Morgan v. Young,* 203 S.W.2d 837, 857 (Tex.Civ.App.—Beaumont 1947, n. r. e.);

Where a trial court filed no findings of fact or conclusions of law, the reviewing court on appeal would presume that the trial court found all controverted facts against the contention of the appellant and in support of its judgment. *Brawley v. Bowen,* 387 S.W.2d 383 (Tex.1965); *North Waco Water Supply District v. City of Waco,* 386 S.W.2d 155, 159 (Tex.Civ.App. —Waco 1964, writ ref'd n. r. e.). Since no findings of fact or conclusions of law were requested or filed, it not only must be presumed that the trial court resolved in appellee's favor every issue of fact raised by the evidence but in passing upon the "no evidence" points, we must view the evidence in the light most favorable to such finding, disregarding all evidence that is contrary thereto. *Collingsworth v. King,* 155 Tex. 93, 283 S.W.2d 30 (1955); *Quinn v. Dupree,* 157 Tex. 441, 303 S.W.2d 769 (1957); 11 A.L.R.2d 165.

In examining the factual sufficiency of the evidence to support the court's finding, we must consider the whole record to determine if the court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Traylor v. Goulding,* 497 S.W.2d 944, 945 (Tex.1973); *C & R Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Parish v. Hunt,* 160 Tex. 378, 331 S.W.2d 304 (1960). After a review of the entire record and after having weighed and balanced all the evidence, we hold that the trial court's finding is supported by sufficient evidence. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.