**DUVAL COUNTY RANCH COMPANY, Appellant,**

v.

**ALAMO LUMBER COMPANY, Appellee.**

No. 8343.

Court of Civil Appeals of Texas, Beaumont.

March 27, 1980.

Rehearing Denied April 24, 1980.

B. Mills Latham, Corpus Christi, for appellant.

Homer E. Dean, Alice, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment based upon jury findings and there are but two basic complaints: the allowance of attorney's fees and pre-judgment interest upon the amount of the debt ascertained by the jury. We affirm for the reasons now to be stated.

In a prior venue appeal,[1] Justice Klingeman of the San Antonio Court of Civil Appeals set out the basic nature of the case. In the interest of time, we adopt this résumé as part of our statement of the case.

The plaintiff, Alamo Lumber Company, sought to recover the unpaid balance of the cost of supplying labor and materials in the construction of a ranch headquarters building for the defendant, Duval County Ranch Company. This building cost approximately three-quarters of a million dollars and Alamo sued to recover more than $381,000 in unpaid invoices.

---

1. *Duval County Ranch Co. v. Alamo Lumber Co.*, 516 S.W.2d 456 (Tex.Civ.App.—San Antonio 1974, writ dism'd).

Alamo went to the jury upon three alternative theories: express contract, open account, and quantum meruit. The jury answered each issue in favor of plaintiff upon each of the alternative theories and, amazingly, found the amount due Alamo to be the same under each theory. Defendant contended that plaintiff had overcharged in some of the invoices and the jury found such to be true to the extent of $68,775.23.

The trial lasted three months and we are called upon to review an extremely voluminous record consisting of a thirteen volume statement of facts, and where the judgment is found on page 1001 of the transcript.

The court did not indicate in the judgment which theory of recovery was relied upon in entering judgment for the plaintiff. Defendant now contends that while plaintiff was entitled to recover attorney's fees under quantum meruit and sworn account theories, it was not entitled to such fees under the contract theory since the written contract did not specifically provide therefor.

■ Our problem is complicated to some extent by the fact that the written contract between the parties was executed in 1972 and the judgment was not signed until August 2, 1978. In the meanwhile, Tex.Rev. Civ.Stat.Ann. art. 2226 was amended to permit the recovery of attorney's fees "on oral or written contracts." Acts 1977, 65th Leg., p. 153, ch. 76, § 1, effective August 29, 1977.[2]

The parties entered into a stipulation with reference to attorney's fees, as reproduced in the margin.[3] Alamo filed its exhibit and the trial court granted it judgment for attorney's fees of $50,100 through the trial court, plus $4,800 through the Court of Civil Appeals, and an additional $3,600 through the Supreme Court, if the case went to such appellate courts.

Defendant, relying upon the statute as it existed prior to the 1977 amendment, contends that since it is impossible to ascertain from the judgment which theory of recovery was followed in the judgment, we should assume that the judgment was based upon the theory which would deny attorney's fees, e. g., the contract theory. It relies largely upon *Ezon v. Faulkner Construction Company*, 422 S.W.2d 568 (Tex. Civ.App.—Austin 1967, no writ).

Plaintiff argues, and properly so, that *Ezon* and the other cases cited by defendant were handed down prior to the 1977 amendment to *Article 2226*. The statute in effect at the time of the trial of this case permitted the recovery of such fees under each of the alternative theories of recovery. Such a recovery was allowed on the basis of a stipulation in *McDaniel v. Tucker*, 520 S.W.2d 543, 548 (Tex.Civ.App.—Corpus Christi 1975, no writ). See also, *Welborn v. Woolfolk*, 560 S.W.2d 189, 190 (Tex.Civ.App. —Fort Worth 1977, no writ). After a careful examination of the series of cases cited by defendant, we conclude that none are applicable to the case at bar.

■ Defendant also contends that the fees allowed Alamo are excessive to an undetermined amount because at least some of such fees were properly chargeable to the *defense* of defendant's cross action. The defendant claimed that it was overcharged by Alamo and also sought leave to file a trial amendment alleging a cause of action under the Deceptive Trade Practice Act. Leave to file the trial amendment was denied but, as defendant now charges, there was no diminution of the claim of

---

2. Unlike the 1979 amendment to the statute, the 1977 amendment was silent as to its applicability to pending litigation. Compare the 1977 amendment with Acts 1979, 66th Leg., p. 718, ch. 314, § 1, effective June 6, 1979.

3. "It is stipulated: that a reasonable hourly rate for attorneys is $60.00, and that the attorneys each shall file an Exhibit as to total hours worked on this case before the case goes to the jury; which Exhibit shall include a reasonable estimate as to the hours expected to be spent on appeals; and that such certificate is true.

"None of the parties agree that the other party is entitled to recover attorneys fees and the court will determine this; and whether an issue on attorneys fees should be submitted to the jury."

attorney's fees properly chargeable only to the defense of the counterclaim.[4]

Primary reliance is had upon *Bray v. Curtis*, 544 S.W.2d 816, 820 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd n. r. e.). We do not find the cited case controlling in our peculiar fact situation. In order for Alamo to recover, it labored under the burden of establishing the accuracy of the literally hundreds of invoices for labor and material which made up its cause of action. It was entitled, by statute, to recover its fees for recovery on its claim against the defendant. The defendant's cross action claiming overcharges on some of the invoices was, in effect, a negative rebuttal of plaintiff's claim.

Finally, defendant claims that Alamo was not entitled to recover attorney's fees because it made an excessive demand, pointing to the fact that the jury did find excessiveness to the extent of more than sixty-eight thousand dollars. It cites in support of this contention *Warrior Constructors, Inc. v. Small Business Investment Company of Houston*, 536 S.W.2d 382, 386 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

 We recognize, as indeed we must, the rule that when a creditor makes an excessive demand upon his debtor, he is not entitled to attorney's fees for subsequent litigation to recover the debt. *Collingsworth v. King*, 155 Tex. 93, 283 S.W.2d 30, 33 (1955). But, each of the cases mentioned, *Warrior* and *Collingsworth*, involved the refusal of a tender and a demand for more than tendered. Defendant here never made any tender on the invoices which were admittedly due; instead, it kept and had the use of plaintiff's funds from 1973 until the date of judgment. Defendant's points of error complaining of the allowance of attorney's fees to plaintiff are overruled.

 Next, defendant asserts that the trial court erred in awarding Alamo pre-judgment interest. The written contract noted earlier provided that Alamo would invoice defendant on or about the 15th day of each month and required payment by defendant on or before the 25th day of such month. Alamo sought lawful interest on the sums due in all of its pleadings and it was shown that the defendant occupied the improvements during the month of June, 1973, and had not made a single payment on the contract after June 7, 1973.

The prayer of Alamo for interest was sufficient to authorize the court to award interest from the date of the respective invoices. See and compare *Black Lake Pipe Line Co. v. Union Construction Company*, 538 S.W.2d 80, 95–96 (Tex.1976). In *Hayek v. Western Steel Company*, 469 S.W.2d 206, 215–216 (Tex.Civ.App.—Corpus Christi 1971), affirmed, 478 S.W.2d 786, 796 (Tex. 1972), the intermediate court held:

"It has long been the law of this state that interest attaches whenever it is ascertained that at a particular time money ought to have been paid, whether in satisfaction of a debt, as compensation for a breach of statutory duty, or for failure to fulfill the obligations of a contract."

Defendant's reliance upon *Ingham v. Harrison*, 148 Tex. 380, 224 S.W.2d 1019 (1949), and *Keystone Pipe & Supply Co. v. Sweifel*, 127 Tex. 392, 94 S.W.2d 412 (1936), is misplaced. In *Ingham* the court said: "The situation was in effect the same as if petitioners had made a formal tender to respondent of what the court later found to be actually due him under the note." (224 S.W.2d at 1022) In *Keystone Pipe*, the court noted that there was no refusal to pay, and a tender having been made and refused, "the Keystone is not entitled to interest thereon, so long as said tender is effective." (94 S.W.2d at 415) As noted earlier, the single most outstanding fact in this record is that the defendant has never at any time tendered as much as a thin dime in discharge of its debt.

4. The jury found that defendant had in fact been overcharged by $68,775.23, which was deducted from plaintiff's recovery as was an award of $10,000 in exemplary damages assessed against plaintiff. No complaint is made by plaintiff of such action on the part of the trial court.

We find no merit in the points brought forward for our review and the judgment of the trial court is affirmed.