**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**MEDI–RENTS, INC., Appellee.**

**No. D14–84–213–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 28, 1985.

Brock C. Akers, Vinson & Elkins, Houston, for appellant.

James P. Wallace, Jr., Sullins, Johnston, Rohrbach & Magers, Houston, for appellee.

Before TUNKS, C.J. (Retired), COLEMAN, C.J. (Retired), and MILLER, J. (Retired).

## OPINION

COLEMAN, Chief Justice (Retired).

This is an appeal from a judgment awarding appellee, Medi-Rents, Inc., damages and attorney's fees. The Travelers Insurance Company, appellant, appeals. We affirm.

This suit arises out of the rental of a medical device known as a transcutaneous nerve stimulator or micro-ceptor unit. There is evidence that the unit was rented by Medi-rents to Travelers on February 15, 1979, and delivered to Ms. Brinda Smith. Smith was a workers' compensation claimant. Marie Campbell, an employee of Travelers, entered into the rental agreement on behalf of appellant. The bills for the rentals were sent to Travelers and were paid until December, 1979. The original rent invoice for the rental contained this statement:

> "All equipment will automatically be re-rented on renewal date unless notified by customer of a pickup or conversion to sale."

There was no agreement as to the method by which the "conversion to sale" could be accomplished.

There was testimony that in October of 1979 one of Travelers employees notified Medi-rents that Travelers wished to convert this rental agreement into a sale. Rental payments in excess of the purchase price had been made and the representative

of the insurance company asked that a credit be allowed on the purchase price. No definite agreement was reached on this point and the following month, after Smith filed a lawsuit in the district court for her workers' compensation, the insurance company stopped making payments for the rental. However, the micro-ceptor unit was not returned and Medi-rents continued billing the insurance company for the monthly rental until the rental exceeded a sum of $2,686. The purchase price of the unit was $550.

The workers' compensation suit was settled and the insurance company agreed to "assume all responsibility" for the bills from Medi-rents, Inc. Medi-rents then demanded payment and an employee of the insurance company responded by letter stating that she was recommending that appellant's claim department purchase the unit in question. Medi-rents replied that the unit could be purchased, but that the purchase would not affect appellant's responsibility for the past due rent. This suit resulted.

The trial was to a jury which found that subsequent to the original rental of the micro-ceptor, Medi-rents, Inc. and Travelers Insurance Company agreed to change their arrangement from a rental agreement to a purchase agreement and that Travelers owed Medi-rents the sum of $445.50. The jury also found that Medi-rents, Inc. was entitled to $3,000 in attorney fees. Judgment was entered in accordance with the jury verdict.

Travelers alleges that the trial court erred in holding plaintiff's petition stated a proper claim as a third party beneficiary; and awarding attorney's fees to plaintiff; and in awarding excessive attorney's fees to the plaintiff.

While Medi-rents pled a claim against Travelers as a third party beneficiary of the contract between Travelers and Ms. Smith's settling the compensation claim, it also asserted a claim in the form of a sworn account based on a rental between Travelers and Medi-rents. This contract contained the option to purchase which the jury found Travelers had exercised. This finding by the jury has not been attacked. Since the trial court rendered a judgment based on the contract to purchase rather than on the theory of a third party beneficiary of the Worker's compensation settlement, Travelers third point of error has no merit.

■ Article 2226, REV.CIV.STAT., authorizes the recovery of attorney's fees by a plaintiff who sued on a sworn account or whose claim is based on a contract. The record contains a stipulation, signed by the attorneys for both parties, that "Travelers received written notice of this claim more than thirty days prior to trial." A stipulation is conclusive as to the facts stipulated. *Handelman v. Handelman*, 608 S.W.2d 298 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In addition the evidence conclusively shows a proper presentment of a claim under the contract in excess of the amount found by the jury. *King Optical v. Automatic Data Processing of Dallas, Inc.*, 542 S.W.2d 213 (Tex. Civ.App.—Waco 1976, writ ref'd n.r.e.).

■ Travelers' offer to buy the micro-ceptor unit in August of 1982 did not extinguish the right to recover attorney's fees because it was not an unconditional offer to pay an amount equal to or in excess of the amount finally awarded by the jury on the claim under the rental contract. No money was actually tendered to Medi-rents. Article 2226, *supra*, provides that after a claim is properly presented, if, at the expiration of thirty days thereafter, payment for the just amount owing is not then tendered, the claimant may, if represented by an attorney, also recover a reasonable amount as attorney's fees. No tender was made in this case for the just amount owing. The point is without merit. *Duvall County Ranch Company v. Alamo Lumber Company*, 597 S.W.2d 528 (Tex.Civ. App.—Beaumont 1980, no writ history).

■ Travelers contends that the award of $3,000 in attorney's fees is excessive. Ordinarily the amount to be awarded as a reasonable attorney's fee is a fact

issue to be determined by the finder of fact. *Argonaut Insurance Company v. ABC Steel Products Company*, 582 S.W.2d 883, 889 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). However, an appellate court has the duty to review an award of attorney's fees claimed to be excessive. In determining whether such an award is excessive, the Court is entitled to look at the entire record and to view the matter in light of the testimony, the amount in controversy, the nature of the cause, and its common knowledge and experience as lawyers and judges. *Jack Roach Ford v. DeUrdanavia*, 659 S.W.2d 725 (Tex.Civ. App. Houston [14th Dist.] 1983, no writ history). Applying these factors we are unable to say that Travelers has proven the award of attorney's fees to be excessive.

The judgment is affirmed.